Alexander W. Cogbill, Esquire (NJ ID NO.: 139852014)
Matthew L. Gonzalez, Esquire (to be admitted *pro hac vice*)
**ZELLE LLP**
45 Broadway, Suite 920
New York, New York 10006
Telephone:   (646) 876-4420
Fax:         (612) 336-9100
Email:       acogbill@zellelaw.com
Additional Appearing Attorney Email Address:
mgonzalez@zellelaw.com
*Attorneys for Defendant,*
*XL Specialty Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORLD IMPORT OF LIVINGSTON AVE LLC, DREAM WELL OF NJ, CORP., AND 633 NASSAU STREET REALTY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> XL SPECIALTY INSURANCE COMPANY AND ABADI BROKERAGE, INC., <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> **NOTICE OF REMOVAL** <br><br> Filed Electronically |

Defendant, XL Specialty Insurance Company ("Defendant XL"), by and through its counsel, Zelle LLP, hereby files this Notice of Removal pursuant to U.S.C. §§ 1332, 1441, and 1146, removing this action from the Superior Court of New Jersey, Middlesex County Vicinage, in which it is currently pending, to the United States District Court for the District of New Jersey. In support of this Notice, Defendant XL states as follows:

1. On December 23, 2025 Plaintiffs, World Import of Livingston Ave LLC, Dream Well of NJ, Corp., and 633 Nassau Realty LLC (collectively, "Plaintiffs"), filed a Complaint in the underlying New Jersey state court case in the Superior Court of New Jersey, Middlesex County

Vicinage, styled as *World Import of Livingston Ave LLC, Dream Well of NJ, Corp., and 633 Nassau Realty LLC v. XL Specialty Insurance Company and Abadi Brokerage, Inc.* Docket No. MID-L-008991-25 (the "State Court Action"). A copy of the Complaint is attached hereto as **Exhibit A.**

2. On January 23, 2026 Defendant XL accepted service of the Complaint. A copy of the January 23, 2026 Acknowledgement of Service signed by Defendant XL's representative is attached hereto as **Exhibit B.**

3. According to the New Jersey e-filing record, co-defendant Abadi Brokerage, Inc. ("Defendant Abadi") has not been served or otherwise formally accepted service of the Complaint in the State Court Action. A copy of the Docket Entries in the State Court Action is attached hereto as **Exhibit C**.

4. Other than filing the Complaint and serving Defendant XL, there has been no other activity in the State Court docket.

5. The State Court Action is a first-party insurance coverage case concerning Plaintiffs' business personal property losses as a result of a fire. The Complaint filed in the State Court Action includes claims for breach of contract against Defendant XL and negligence and breach of contract against Defendant Abadi: Breach of Contract against Defendant (Count I), Negligence against Defendant Abadi (Count II), and Breach of Contract against Defendant Abadi (Count III).

6. At all times relevant, including at the time the case was filed and at the time of removal, plaintiff, World Import of Livingston Ave LLC ("World Import") is and has been a New Jersey Limited Liability Company, and its members Edna and Issac Srour are citizens of New

Jersey with an address of 633 Nassau Street, North Brunswick, New Jersey 08902. World Import is therefore a citizen of New Jersey for jurisdictional purposes. *See* Ex. A at ¶ 1.

7. At all times relevant, including at the time the case was filed and at the time of removal, plaintiff, Dream Well of NJ, Corp. ("Dream Well"), is and has been a New Jersey Domestic Profit Corporation, with a principal place of business located in North Brunswick, New Jersey, located at 633 Nassau St, North Brunswick, NJ 08902. Dream Well is therefore a citizen of New Jersey for jurisdictional purposes. *See* Ex. A at ¶ 2.

8. At all times relevant, including at the time the case was filed and at the time of removal, plaintiff, 633 Nassau Realty LLC ("633 Nassau") is and has been a New Jersey Limited Liability Company, and its member Issac Srour is a citizen of New Jersey with an address of 633 Nassau Street, North Brunswick, New Jersey 08902. 633 Nassau is therefore a citizen of New Jersey for jurisdictional purposes. *See* Ex. A at ¶ 3.

9. At all times relevant, including at this time the case was filed, Defendant XL is and has been a Delaware corporation, with its principal place of business in Stamford, Connecticut. Defendant is therefore a citizen of Delaware and Connecticut for jurisdictional purposes. *See, e.g.,* Ex. A at ¶ 4.

10. At all times relevant, including at this time the case was filed, Defendant Abadi is and has been a New York corporation, with its principal place of business in Brooklyn, New York. Defendant Abadi is therefore a citizen of New York for jurisdictional purposes. *See* Ex. A at ¶ 7.

11. The amount in controversy exceeds $75,000,00.

12. The Complaint filed in the State Court Action seeks money damages against Defendant XL for the remaining policy limits: $7,5000,00.00 - $4,864,486.00 = $2,635,514.00

plus interest, compensatory damages, consequential damages, and the costs of suit. *See* Ex. A at ¶ 47 and *wherefore* clause for Count I.

13. Removal is appropriate upon a showing that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees. *See* 28 U.S.C. § 1332(a)(1).

14. When removal is sought on the basis of jurisdiction conferred by 28 U.S.C. § 1332, the amount in controversy is the sum identified in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

15. Where the state practice either does not permit or demand a specific sum or permits recovery of damages in excess of the amount demand in the initial pleading, removal is proper where the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Frederico v. Home Depot,* 507 F.3d 188, 197 (3d Cir. 2007).

16. "Preponderance of the evidence means 'proof to a reasonable probability that jurisdiction exists.'" *Id.* at 195 n.6.

17. Defendant XL is filing this Notice of Removal on February 6, 2026, within thirty (30) days after Defendant XL accepted service of the Complaint and removal is thus timely pursuant to 28 U.S.C. § 1446(b).

18. As the Notice of Removal was filed within 30 days, involved a controversy in excess of $75,000.00, and there is complete diversity of citizenship of the parties, removal is proper.

19. This Court is the United States District Court for the district within which the State Court Action is pending. Accordingly, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, will be filed in the Superior Court of New Jersey, Middlesex County Vicinage, and served on Plaintiffs and all counsel of record. A copy of the Notice to State Court of Filing Notice of Removal is attached hereto as **Exhibit "D"**.

21. By removing the State Court Action, Defendant XL does not waive any defenses available to it.

22. By removing the State Court Action, Defendant XL does not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendant XL Specialty Insurance Company hereby removes the above-captioned action from the Superior Court of New Jersey, Middlesex County Vicinage to the United States District Court for the District of New Jersey.

Respectfully submitted,

**ZELLE LLP**

Dated: February 6, 2026     By:   */s/ Alexander W. Cogbill*
Alexander W. Cogbill
Zelle LLP
45 Broadway, Suite 920
New York, New York 10006
Telephone:   (646) 876-4420
Fax:         (612) 336-9100
Email:       acogbill@zellelaw.com

5

*Attorneys for Defendant,*
*XL Specialty Insurance Company*

## CERTIFICATE OF SERVICE

      I, Alexander W. Cogbill, hereby certify that on February 6, 2026, a true and correct copy of the foregoing Notice of Removal is being electronically filed and is being served upon the following via electronic and certified mail:

Frank P. Winston, Esquire
Lerner, Arnold & Winston, LLP
286 5th Ave 12th Floor,
New York, NY 10001
Tel.: (212)-686-4655
Email: fwinston@lawpartnersllp.com

***Attorneys for Plaintiffs,***
***World Import of Livingston Ave LLC,***
***Dream Well of NJ, Corp., and 633 Nassau Realty LLC***

Elliot Abdadi
Abadi Brokerage, Inc.
1236 Ave.
Brooklyn, New York 11229
Tel.: (718) 928-7664

***Co-Defendant,***
***Abadi Brokerage, Inc.***

                                                      */s/ Alexander W. Cogbill*
                                                      Alexander W. Cogbill