# EXHIBIT A

LERNER, ARNOLD & WINSTON, LLP
Attorneys-At-Law
By: Frank P. Winston, Esq.
Attorney ID No.: 011522004
331 Newman Springs Road
Building 1, Suite 143
Red Bank, New Jersey 07701
(732) 784-1820
*Attorneys for Plaintiffs*

| | |
|---|---|
| WORLD IMPORT OF LIVINGSTON AVE LLC, DREAM WELL OF NJ, CORP., and 633 NASSAU STREET REALTY LLC, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| Plaintiffs, | DOCKET NO.: |
| -against- | CIVIL ACTION |
| XL SPECIALTY INSURANCE COMPANY and ABADI BROKERAGE, INC., | **COMPLAINT AND JURY TRIAL DEMAND** |
| Defendants. | |

Plaintiffs, WORLD IMPORT OF LIVINGSTON LLC, DREAM WELL OF NJ, CORP., and 633 NASSAU STREET REALTY LLC, by and through their attorneys Lerner, Arnold & Winston, LLP, as and for their Complaint and Jury Trial Demand, respectfully allege upon information and belief as follows:

**PARTIES AND JURISDICTION**

1.  At all times hereinafter mentioned, Plaintiff, WORLD IMPORT OF LIVINGSTON AVE LLC. (hereinafter "Plaintiff World Import"), was and still is a limited liability company formed under the laws of New Jersey with a principal place of business in New Jersey.

2.  At all times hereinafter mentioned, Plaintiff, DREAM WELL OF NJ, CORP. (hereinafter "Plaintiff Dream Well" and together with Plaintiff World Import, "Mattress

Manufacturers"), was and still is a corporation formed under the laws of New Jersey with a principal place of business in New Jersey.

3.  At all times hereinafter mentioned, Plaintiff, 633 NASSAU STREET REALTY LLC (hereinafter "Plaintiff 633 Nassau Street Realty" and collectively with Mattress Manufacturers, "Plaintiffs'), was and still is a limited liability company formed under the laws of New Jersey with a principal place of business in New Jersey.

4.  At all times hereinafter mentioned, Defendant, XL SPECIALTY INSURANCE COMPANY ("Defendant XL Specialty"), was and still is a corporation, duly authorized and licensed to transact insurance business in the State of New Jersey, with its principal place of business in the State of Connecticut. Defendant XL Specialty has regularly conducted business, had offices, and/or maintained agents for the transaction of its customary business in New Jersey.

5.  At all times hereinafter mentioned, Defendant XL Specialty was and still is authorized by the New Jersey Department of Banking and Insurance to issue policies of insurance within the State of New Jersey.

6.  At all times hereinafter mentioned, Defendant XL Specialty did and still does transact business within the State of New Jersey, including but not limited to the issuance of insurance policies within the State of New Jersey.

7.  At all times hereinafter mentioned, Defendant, ABADI BROKERAGE, INC. ("Defendant Abadi"), was and still is a corporation formed under the laws of New York with a principal place of business in New York. Defendant Abadi has regularly conducted business and/or maintained agents for the transaction of its customary business in New Jersey.

8.  At all times hereinafter mentioned, the Defendant Abadi was and still is authorized to conduct business within the State of New Jersey.

2

## VENUE

9. Middlesex County is an appropriate venue for this action pursuant to N.J. Court Rules, Rule 4:3-2. In particular, Defendant Abadi was hired to procure a policy of insurance for Plaintiffs' property located in Middlesex County, New Jersey, Defendant XL Specialty issued said policy of insurance covering property located in Middlesex County, New Jersey, and the causes of action in this matter arise in Middlesex County, New Jersey. Plaintiffs' property that is the subject of this action is located at 633 Nassau Street, North Brunswick, New Jersey 08902 (hereinafter, the "Subject Property").

## BACKGROUND FACTS RELEVANT TO ALL CAUSES OF ACTION

10. Plaintiff World Import is the primary named insured on insurance policy number UM00074574MA23A, issued to Plaintiffs by Defendant XL Specialty (hereinafter, the "Policy").

11. Plaintiff Dream Well is also a named insured on the Policy, and was operating a mattress manufacturing facility conducting its business at the Subject Property.

12. Mattress Manufacturers owned the business personal property and inventory (the "BPP") located at the Subject Property.

13. Plaintiff 633 Nassau Street Realty is the owner of the Subject Property.

14. Defendant Abadi served as the insurance broker for Plaintiffs with respect to procuring insurance coverage for both the Subject Property and the BPP.

15. Defendant XL Specialty issued the Policy to Mattress Manufacturers, among other named insureds who are not a party to this action.

16. The effective dates of coverage for the Policy were March 1, 2023 to March 1, 2024.

17. The Policy provided coverage for "new mattresses and all raw materials involved in manufacturing, including but not limited to: metals, springs, foam, cloth, linen, etc."

3

18. The Policy had a limit of liability of $7,500,000.00 for the Subject Property.

19. On January 24, 2024, a fire occurred at the Subject Property, causing significant damage to the building owned by Plaintiff 633 Nassau Street Realty and to the BPP owned by Plaintiff Dream Well (hereinafter, the "Fire" or the "Loss").

20. Following the Fire, Mattress Manufacturers submitted a claim to Defendant XL Specialty under the Policy, seeking to be indemnified for the full amount of their covered damages.

21. Plaintiffs provided Defendant XL Specialty with timely notice of the subject Loss in accordance with the conditions of the Policy.

22. At all times hereinafter mentioned, the Plaintiffs' insurance claim was governed by claim number "0010423033."

23. Defendant XL Specialty has paid $4,864,486 on the claim but has refused to pay the full amount owed under the Policy, despite Plaintiffs' demand for the same.

24. At all times hereinafter mentioned, Plaintiff 633 Nassau Realty LLC possessed an ownership interest in the Subject Property.

25. At all times hereinafter mentioned, Plaintiffs possessed an insurable interest in the Subject Property.

26. Before January 24, 2024, and for many years prior, Plaintiffs requested, and Defendant Abadi served as Plaintiffs' insurance broker for the purposes of obtaining a policy of insurance covering the Subject Property and the BPP.

27. Plaintiffs' Principal and Defendant Abadi's Principal had known each other for several years, prayed together in the same synagogue, and developed a broker-insured relationship.

28. For many years prior to the 2023 – 2024 Policy Term, Defendant Abadi had procured a policy from the Verland Insurance Company ("Verland"), which insured the Subject Property

against all risks of loss, with an effective date in each of those years of April 8th.

29. Prior to the renewal of the 2023 – 2024 Policy for the Subject Property, Verland issued a Notice of Non-Renewal, advising that it would not renew insurance for Plaintiff 633 Nassau Street Realty for the 2023 – 2024 Policy Term.

30. Subsequent to its receipt of the notice of non-renewal, Plaintiff 633 Nassau Street Realty had a conversation with Defendant Abadi wherein and whereby it specifically requested that Abadi obtain replacement coverage for the Subject Property with the same, similar and/or best coverage, limits, terms and conditions he could obtain to those provided by Verland.

31. At no time did Plaintiff 633 Nassau Realty LLC ever request or agree that Abadi not procure coverage for the Subject Property for the 2023 – 2024 Policy Term.

32. Plaintiff 633 Nassau Realty LLC provided all necessary and requested formation to Defendant Abadi for the purposes of obtaining a policy of insurance covering the Subject Property for the 2023 – 2024 Policy Term.

33. Plaintiff 633 Nassau Realty LLC answered all questions posed by Defendant Abadi for the purposes of obtaining a policy of insurance covering the Subject Property.

34. Defendant Abadi, as the insurance broker for Plaintiffs, had a duty to procure insurance coverage to protect the Plaintiff 633 Nassau Street Realty against all risks of loss, including from losses such as the Fire that occurred.

35. Defendant Abadi negligently failed to procure adequate insurance coverage for the Subject Property, resulting in damages to Plaintiff 633 Nassau Street Realty as a result of the Fire.

5

## FIRST CAUSE OF ACTION AGAINST DEFENDANT XL SPECIALTY
### (Breach of Contract)

36.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in preceding paragraphs numbered "1" through "35" inclusive, with the same force and effect as though more fully set forth herein at length.

37.     Prior to January 24, 2024, for good and valuable consideration, Defendant XL Specialty issued the Policy to Plaintiffs.

38.     Mattress Manufacturers are named insureds within the Policy.

39.     Mattress Manufacturers performed all of their obligations and complied with all conditions precedent to coverage under the Policy.

40.     On and around January 24, 2024, the Policy afforded Mattress Manufacturers and the Subject Property with certain insurance coverage for their BPP, with a limit of liability of $7,500,000.00.

41.     On January 24, 2024, the Policy was in full force and effect.

42.     On January 24, 2024, while the Policy was in full force and effect, the Subject Property and Mattress Manufacturers' BPP was damaged as a result of direct physical loss or damage to which no exclusion of the Policy applies.

43.     As a direct result of the January 24, 2024 Loss, Mattress Manufacturers sustained damages.

44.     Subsequent to the January 24, 2024 loss and pursuant to the terms of the Policy, Mattress Manufacturers submitted an insurance claim to Defendant XL Specialty seeking to be indemnified for the full amount of covered damages sustained to their BPP as a result of the Fire and its effects.

45.     Mattress Manufacturers provided Defendant XL Specialty with timely notice of the

6

Loss in accordance with the terms and conditions of the Policy.

46. At all times hereinafter mentioned, Mattress Manufacturers' insurance claim was governed by the claim number "0010423033".

47. In response to Mattress Manufacturers' submission of an insurance claim seeking recovery for the Policy Limits of $7,500,000.00, Defendant XL Specialty has paid only $4,864,486 on the claim, despite the fact that the damages sustained as a result of the Loss significantly exceeds this sum.

48. Defendant XL Specialty has breached the insurance contract by wrongfully failing to pay the full amount owed for the covered damages to Mattress Manufacturers' BPP resulting from the Loss, despite the fact the same has been duly demanded.

49. Defendant XL Specialty's wrongful failure to indemnify Mattress Manufacturers for the full extent of the covered damages they sustained as a result of the Loss constitutes a breach of contract.

50. Mattress Manufacturers have complied with all of the terms and conditions of the Policy.

51. Mattress Manufacturers have submitted sufficient and reasonable proof in support of their insurance claim.

52. As a result of Defendant XL Specialty's breach of contract, Mattress Manufacturers have been damaged in an amount to be determined by a Middlesex County Jury.

**WHEREFORE,** Mattress Manufacturers demand judgment on their First Cause of Action against Defendant XL Specialty for:

a) Mattress Manufacturers' covered BPP damages pursuant to the terms of the Policy, together with lawful interest;

    b)    Compensatory damages, together with lawful interest;

    c)    Consequential damages, together with lawful interest;

    d)    Costs of suit; and

    e)    For such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT ABADI
### (Negligence)

53. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in preceding paragraphs numbered "1" through "52" inclusive, with the same force and effect as though more fully set forth herein at length.

54. At all times hereinafter mentioned, Defendant Abadi provided insurance brokerage services to Plaintiff 633 Nassau Street Realty

55. At all times hereinafter mentioned, Plaintiffs and, more specifically, Plaintiff 633 Nassau Street Realty relied on Defendant Abadi to procure insurance coverage that would satisfy Plaintiffs' insurance needs.

56. Plaintiffs and, more specifically, Plaintiff 633 Nassau Street Realty relied upon Defendant Abadi's expertise to procure an insurance policy that would adequately provide coverage for the Subject Property, including coverage for the building structure at the Subject Property, itself.

57. Plaintiffs and, more specifically, Plaintiff 633 Nassau Street Realty relied upon Defendant Abadi to select the insurance carrier(s) to seek and procure insurance coverage for the Subject Property.

58. In light of the above, Plaintiffs and Defendant Abadi maintained a principal-agent type relationship, and in particular, they maintained a broker-insured relationship.

59. As a result of this broker-insured relationship, a fiduciary relationship was established wherein Defendant Abadi owed a duty of care to Plaintiffs.

8

60. Defendant Abadi owed Plaintiffs a duty of care commensurate with that of a broker in a special relationship with an insured.

61. Defendant Abadi owed a duty to Plaintiffs to act with reasonable skill, care, and diligence in performing the services of an insurance broker.

62. In addition to the duty owed by Defendant Abadi to Plaintiffs, upon Verland's non-renewal of coverage insuring the Subject Property for the 2023 – 2024 Policy Term, Plaintiff 633 Nassau Realty Street made a specific request that Defendant Abadi procure replacement coverage for the Subject Property with the same, similar and/or best coverage, limits, terms and conditions it could obtain to those provided by Verland.

63. Defendant Abadi negligently failed to procure insurance coverage to protect the building structure at the Subject Property, owned by Plaintiff 633 Nassau Street Realty, from losses such as the Fire that occurred on January 24, 2024.

64. Defendant Abadi breached its duty of care to Plaintiff 633 Nassau Street Realty.

65. On or about January 24, 2024, while the Policy was in full force and effect, the Subject Property, including the building structure itself, was extensively damaged by the Fire.

66. As a result of Defendant Abadi's failure to procure insurance coverage for the Subject Property, Plaintiff 633 Nassau Street Realty was not adequately, sufficiently or otherwise insured for the damages sustained to the Subject Property as a result of the Fire.

67. By virtue of the fact it was not adequately, sufficiently or otherwise insured, Plaintiff 633 Nassau Street Realty has sustained extensive uninsured losses as a result of the Fire.

68. As a direct and proximate result of Defendant Abadi's negligence, Plaintiff 633 Nassau Street Realty has suffered damages in an amount to be determined at trial.

69. In consideration of the above, Defendant Abadi has breached one and/or more

duties it owed Plaintiffs.

70. Plaintiff 633 Nassau Street Realty's lack of insurance coverage for the damages sustained as a result of the January 24, 2024 Loss is a result of the above-mentioned negligence by Defendant Abadi.

71. Defendant Abadi's above-mentioned negligence is a direct and/or proximate cause of Plaintiff 633 Nassau Street Realty's lack of insurance coverage for the building structure at the Subject Property.

72. The damages sustained as a result of Defendant Abadi's above-mentioned negligence were reasonably foreseeable.

73. Plaintiff 633 Nassau Street Realty was a reasonably foreseeable entity to sustain damages as a result of Defendant Abadi's above-mentioned negligence.

74. The damages sustained by Plaintiff 633 Nassau Street Realty occurred without any fault, negligence, want of care or assumption of risk on the part of Plaintiff 633 Nassau Street Realty contributing thereto.

75. As a result of Defendant Abadi's above-mentioned negligence, Plaintiff 633 Nassau Street Realty has been damaged in an amount to be determined by a Middlesex County jury.

**WHEREFORE,** Plaintiff 633 Nassau Street Realty demands judgment on its Second Cause of Action against Defendant Abadi for:

a) Plaintiff 633 Nassau Street Realty's uninsured losses, which were not covered by an insurance policy that Defendant Abadi had been specifically requested to procure, together with lawful interest;

b) Compensatory damages, together with lawful interest;

    c)    Costs of suit; and

    d)    For such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT ABADI
**(Breach of Contract)**

76. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in preceding paragraphs numbered "1" through "75" inclusive, with the same force and effect as though more fully set forth herein at length.

77. Prior to January 24, 2024, Defendant Abadi entered into an agreement with Plaintiffs whereby Defendant Abadi agreed to act as Plaintiffs' insurance broker.

78. Prior to January 24, 2024, Defendant Abadi entered into an agreement with Plaintiffs and, more specifically, Plaintiff 633 Nassau Street Realty, wherein and whereby Defendant Abadi agreed to procure a policy of insurance insuring the Subject Property against all risks of loss.

79. Prior to January 24, 2024, Defendant Abadi entered into an agreement with Plaintiffs and, more specifically Plaintiff 633 Nassau Street Realty, wherein and whereby Defendant Abadi agreed to procure a policy of insurance insuring the Subject Property against all risks of loss, including the building structure(s) located thereat.

80. On or about January 24, 2024, while the Policy was in full force and effect, the Subject Property, including the building structure(s), was (were) damaged by the Fire.

81. After the Fire, Plaintiff 633 Nassau Street Realty learned that Defendant Abadi had failed to procure the requested policy insuring the Subject Property against all risks of loss, in breach of the contract between them.

82. As a result, Plaintiff 633 Nassau Street Realty has sustained extensive uninsured damages by virtue of the Fire that are not covered by any policy of insurance.

83. Defendant Abadi's failure to procure a policy for the Subject Property that would have

provided coverage for the building damages sustained as a result of the January 24, 2024 Loss constitutes a breach of contract.

84. As a result of Defendant Abadi's breach of contract, Plaintiff 633 Nassau Street Realty has been damaged in an amount to be determined by a Middlesex County Jury.

**WHEREFORE,** Plaintiff 633 Nassau Street Realty demands judgment on its Third Cause of Action against the Defendant Abadi for:

a) 633 Nassau Street Realty's uninsured losses, which were not covered by an insurance policy that Defendant Abadi had specifically agreed and contacted to provide on Plaintiff 633 Nassau Street Realty's behalf, together with lawful interest which are not covered by the Policy, together with lawful interest;

b) Compensatory damages, together with lawful interest;

c) Consequential damages, together with lawful interest;

d) Costs of suit; and

e) For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs, pursuant to New Jersey Civil Rule 4:35-1, hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Frank P. Winston, Esq., of the law firm Lerner, Arnold & Winston, LLP, is hereby designated as trial counsel for Plaintiffs in the within action.

                                                   **LERNER, ARNOLD & WINSTON, LLP**
                                                   Attorneys for Plaintiffs

                                                 /s/ Frank P. Winston, Esq.
                                                      Frank P. Winston, Esq.

Dated: Red Bank, New Jersey
          December 23, 2025

# CERTIFICATION

Pursuant to the requirements of New Jersey Civil Rule 4:5-1 (Notice of Other Actions), I, the undersigned, do hereby certify, to the best of my knowledge, information and belief, that, except as hereinafter indicated, the subject of the controversy referred to in the within pleading is not the subject of any other cause of action, pending in any other Court, or of a pending arbitration proceeding, nor is any other cause of action, arbitration proceeding contemplated:

1. OTHER ACTIONS PENDING? . . . Yes _____ No _X_

    a. If Yes – Parties to other pending actions (see attachment).

    b. In my opinion, the following parties should be joined in the within pending cause of action (see attachment).

2. OTHER ACTIONS CONTEMPLATED? . . . Yes _____ No _X_

    If Yes - Parties contemplated to be joined in other causes of action (see attachment).

3. ARBITRATION PROCEEDINGS PENDING? . . . Yes _____ No _X_

    a. If Yes - Parties to arbitration proceedings (see attachment).

    b. In my opinion, the following parties should be joined in the pending arbitration proceedings (see attachment).

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED? . . . Yes ___ No _X_
    If Yes - Parties contemplated to be joined to arbitration proceedings (see attachment). In the event that during the pending of the within cause of action, I shall become aware of any change as to any facts stated herein, I shall file an Amended Certification, and serve a copy thereof on all other parties (or their attorneys) who have appeared in said cause of action.

Dated: Red Bank, New Jersey
December 23, 2025

/s/ Frank P. Winston, Esq.
Frank P. Winston, Esq.

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-008991-25

**Case Caption:** WORLD IMPORT OF LIVI NGSTON AV  VS XL SPECIALITY

**Case Initiation Date:** 12/23/2025

**Attorney Name:** FRANK P WINSTON

**Firm Name:** LERNER ARNOLD & WINSTON LLP

**Address:** 286 FIFTH AVE 12TH FL
NEW YORK NY 10001

**Phone:** 2126864655

**Name of Party:** PLAINTIFF : World Import of Livingston Ave

**Name of Defendant's Primary Insurance Company (if known):** XL SPECIALTY INSURANCE CO

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: World Import of Livingston Ave?** NO

**Are sexual abuse claims alleged by: Dream Well of NJ, Corp.?** NO

**Are sexual abuse claims alleged by: 633 Nassau Street Realty LLC?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/23/2025 /s/ FRANK P WINSTON
Dated Signed