**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WORLD IMPORT OF LIVINGSTON AVE, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>XL SPECIALTY INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Civil Action No. 26-1212 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This action arises out of an insurance dispute resulting from a fire that caused a loss to Plaintiffs World Import of Livingston Ave LLC, Dream Well of NJ, Corp., 633 Nassau Street Realty LLC's (collectively, "Plaintiffs") real and personal property. (*See generally* Compl., ECF No. 1-2.) Plaintiffs assert causes of action for breach of contract against Defendant XL Specialty Insurance Company (Count One), negligence against Defendant Abadi Brokerage, Inc. ("Abadi," and together with XL Specialty Insurance Company, "Defendants") (Count Two), and breach of contract against Abadi (Count Three). (*Id.*)

On March 26, 2026, Abadi filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 6.) Plaintiffs opposed and simultaneously filed a Cross-Motion to Amend the Complaint on April 20, 2026. (ECF No. 12). Abadi replied in

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

support of its Motion to Dismiss and opposed Plaintiff's Cross-Motion solely on futility grounds. (*See generally* ECF No. 14.)

Rule 15(a) governs motions to amend the complaint. Rule 15(a) provides that "a party may amend its pleading[s] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "A general presumption exists in favor of allowing a party to amend its pleadings." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002) (citation omitted). Leave to amend is to be freely granted unless there is a reason for denial, such as futility, as is asserted here. *Fang v. WuXi Biologics USA LLC*, No. 24-172, 2024 WL 3696477, at *2 (E.D. Pa. Aug. 7, 2024) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its face[.]" *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Given the Court's inherent authority to control the matters on its docket, the Court exercises its discretion and declines to consider Abadi's futility arguments in connection with its review of Plaintiff's Cross-Motion. *See Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." (citation omitted)). Moreover, when "a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted[.]" *Shane*, 213 F.3d at 115. The Court, accordingly, grants Plaintiffs leave to file their proposed Amended Complaint

(ECF No. 12-2). Defendants will have an opportunity to answer or file a renewed responsive motion in accordance with the Rules.

For the foregoing reasons,

**IT IS**, on this 3rd day of August 2026, **ORDERED** as follows:

1. Plaintiffs' Cross-Motion to Amend (ECF No. 12) is **GRANTED**.

2. Abadi's Motion to Dismiss (ECF No. 6) is **DENIED AS MOOT**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE